Richard W. ST. HILAIRE, Sr., Plaintiff,

v.

INDUSTRIAL ROOFING CO., John St. Hilaire, and Richard St. Hilaire, Jr., Defendants.

No. CIV.04–CV–141–P–C.

United States District Court, D. Maine.

Nov. 19, 2004.

Peter S. Black, Verrill & Dana, James G. Goggin, Verrill & Dana, Portland, ME, for Richard W. St. Hilaire, Sr., Plaintiff.

Daniel A. Nuzzi, Brann & Isaacson, Lewiston, ME, for Industrial Roofing Corp., John St. Hilaire, Richard St. Hilaire, Jr., Jeffrey St. Hilaire, Defendants.

## MEMORANDUM OF DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ATTACHMENT AND TRUSTEE PROCESS

GENE CARTER, Senior District Judge.

Now before the Court is Plaintiff's Motion for Attachment and Trustee Process (Docket Item No. 2). Defendants oppose the motion *See* Opposition to Motion for Attachment and Trustee Process (Docket Item No. 15). For the reasons set forth below, the Court will grant Plaintiff's Motion.

### I. APPLICABLE LAW

Pursuant to Federal Rule of Civil Procedure 64, "[a]t the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the

law of the state in which the district court is held ...." Rules 4A(c) and 4B(c) of the Maine Rules of Civil Procedure provide that attachment and trustee process is only available through an order of the court. The Rules both state that "the order of approval may be entered only after notice to the defendant and hearing and upon a finding by the court that it is more likely than not that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment and any liability insurance ...." Me. R. Civ. P. 4A(c) & 4B(c). *See also Liberty v. Liberty*, 769 A.2d 845 (Me.2001). In accordance with the Maine Rules, a hearing was held before the Court on November 16, 2004 (Docket Item No. 36).

## II. DISCUSSION

Plaintiff contends that Defendant Industrial Roofing Corporation's ("IRC") breach of a Settlement Agreement and Defendants John St. Hilaire and Richard St. Hilaire, Jr.'s breach of their individual Guaranty Agreements [1] is sufficient for the Court to find that it is more likely than not that Plaintiff will prevail in this case. Defendants' opposition to attachment and trustee process is based on two contentions: (1) that Plaintiff's breach of contract claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.S. § 1001 *et seq.*, and thus the attachment and trustee process provisions of the Maine Rules of Civil Procedure are also preempted by ERISA; and (2) that payments to Mr. St. Hilaire do not constitute wages under the Maine wage statute, 26 M.R.S.A. § 626, and therefore Plaintiff cannot recover under Count V of the First Amended Complaint.[2]

■ As this Court stated in its Order Denying Defendants' Motion to Dismiss (Docket Item No. 32), Defendants' ERISA preemption defense faces numerous obstacles:

Nowhere does the Settlement claim to be a "plan" or to be governed by ERISA. In fact, the Settlement explicitly states that it "shall be governed by and enforced in accordance with, the laws of the State of Maine." Settlement at 5. Nowhere does the Settlement explicitly invoke ERISA. Furthermore, there is no indication that Defendants ever filed a statement with the Department of Labor, in accordance with the reporting requirements of 29 C.F.R. 2520.104–23, indicating the existence of a top hat plan.

Order Denying Defendants' Motion to Dismiss at 4. Because Defendants have thus far failed to provide the Court with any factual evidence in opposition to Plaintiff's claims,[3] the Court finds that it is more

---

**1.** Defendants John St. Hilaire and Richard St. Hilaire each personally guaranteed one-third of the amount of the Settlement Agreement between Plaintiff and Defendant IRC. A full discussion of the Settlement Agreement and the Guaranty Agreements and other related facts giving rise to this case is contained in this Court's Order Denying Defendants' Motion to Dismiss (Docket Item No. 32).

**2.** Under the Maine wage statute,

[a]n employer found in violation of this section is liable for the amount of unpaid wages and, in addition, the judgment rendered in favor of the employee or employees must include a reasonable rate of interest, an additional amount equal to twice the amount of those wages as liquidated damages and costs of suit, including a reasonable attorney's fee.

26 M.R.S.A. § 626. Because a finding in Plaintiff's favor under the Maine wage statute would permit recovery of multiple damages, Plaintiff moves for an attachment sufficient to cover such a judgment.

**3.** At the evidentiary hearing held before the Court on this matter, Defendants introduced no testimony, affidavits, or other evidence to

likely than not that the Plaintiff will prevail against Defendant IRC for breach of the Settlement Agreement, and it is more likely than not that Plaintiff will prevail against both Defendant John St. Hilaire and Defendant Richard St. Hilaire, Jr. for breach of their individual Guaranty Agreements.

### III. AMOUNT OF ATTACHMENT

■ Plaintiff submitted an affidavit indicating that his damages for breach of the Settlement total $115,000. *See* Affidavit of Richard St. Hilaire, Sr. at ¶ 10. The Court finds this amount to be a reasonable approximation of Plaintiff's potential recovery in this case. Because this Court remains in doubt as to whether the amounts owed to Plaintiff constitute wages under Maine's unpaid wage statute, *see* Order Denying Defendants' Motion to Dismiss at 6–7, the Court will not grant Plaintiff's request for an attachment amount sufficient to cover an award of multiple damages pursuant to 26 M.R.S.A. § 626.

■ Plaintiff also indicates that he has spent $2600 in attorney's fees trying to resolve this matter, *see* Affidavit of Richard St. Hilaire, Sr. at ¶ 11, and that he anticipates spending an additional $20,000 in attorney's fees to enforce the Settlement Agreement and each Guaranty Agreement. *Id.* at ¶ 12.[4] Although afforded an opportunity to present the Court with additional evidence, Plaintiff's counsel has not provided the Court with an affidavit indicating an analytically-based expectation of litigation costs. Accordingly, the Court is not prepared to accept Plaintiff's bald projection of reasonable future fees without corroborating support in the rec-

ord and will include in the award of an attachment only the amount of $2600 for attorney's fees to date.

### IV. CONCLUSION

It is **ORDERED** that Plaintiff's Motion for Attachment and Trustee Process be, and it is hereby, **GRANTED** in the amount of $117,600 against Defendant Industrial Roofing Corporation, in the amount of $39,200 against Defendant John St. Hilaire, and in the amount of $39,200 against Defendant Richard St. Hilaire, Jr. The Court **FURTHER ORDERS** that each Defendant may tender cash or a bond equal to the amount of attachment authorized against each Defendant subject to being approved by the Court in accordance with the criteria set forth in Me. R. Civ. P. 4A(c) & 4B(c) and subject to an Order of the Court pursuant to Me. R. Civ. P. 4A(d)(2) & 4B(d)(2).

---

rebut Plaintiff's claim for attachment and trustee process.

4. The Settlement Agreement provides that "[i]n the event of default, the party not in default shall be entitled to reimbursement of reasonable attorneys [sic] fees and expenses

for the enforcement of rights arising out of this agreement." Settlement Agreement at ¶ 19. The Guaranty Agreements contain similar language requiring payment of Plaintiff's attorney's fees expended in enforcing the Agreements.